# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MILLER, | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0856-CV-W-FJG |
| | ) | |
| RONALD J. LEVY, et al., | ) | |
|      Defendants. | ) | |

## ORDER

  Before the Court is Defendants' (Except Defendant Amanda Taylor) Motion to Dismiss Claims in Plaintiff's First Amended Complaint (Doc. No. 62). Defendants indicate the following bases for dismissal: (1) the State of Missouri ("State"), Department of Social Services ("Department"), and Division of Youth Services ("Division") are not "persons" for purposes of federal civil rights claims brought pursuant to 42 U.S.C. § 1983; (2) the State, Department and Division's sovereign immunity bars plaintiff's state law negligence claims; (3) plaintiff's claims pursuant to 20 U.S.C. § 1681 may not be lodged against individual persons such as Levy, Decker, Parrett, Graves, and Hayes; (4) plaintiff fails to state claims for negligence against defendants Levy, Decker, Parrett, Graves and Hays; and (5) plaintiff fails to state claims against the State, Department, and Division pursuant to 20 U.S.C. § 1681. Plaintiff responds only to the fourth of these grounds, indicating his belief that he has stated a claim for negligence against the individual defendants.

  For the reasons stated in defendants' opening suggestions (Doc. No. 62), (1) the Section 1983 claims against the State, Department, and Division are **DISMISSED** as those parties are not "persons" under the statute; (2) the state law negligence claims against the State, Department and Division are **DISMISSED** as barred by the doctrine of sovereign immunity; (3) claims against defendants Levy, Decker, Parrett, Graves, and Hays brought under 20 U.S.C. § 1681 are **DISMISSED** as individuals may not be sued under Title IX because they do not receive funds from the federal government; and (4) claims against the State, Department, and Division brought under 20 U.S.C. § 1681 are **DISMISSED** as

plaintiff has failed to plead facts indicating that discrimination caused or prevented plaintiff from participating in a state program.

With respect to defendants Levy, Decker, Parrett, Graves, and Hays' argument that plaintiff has not pled sufficient facts to state a claim for negligence in Counts III and IV upon which relief could be granted, the Court finds that plaintiff's complaint has sufficiently alleged "a claim to relief that is plausible on its face" against the individual defendants. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In particular, plaintiff alleges that these defendants supervised defendant Taylor (Doc. No. 55, ¶ 18), they were made aware of Taylor's inappropriate relationship with the plaintiff on multiple occasions and did nothing (Doc. No. 55, ¶ 22), were made aware on multiple occasions that Taylor failed to maintain proper boundaries between herself and youth residents at Waverly (Doc. No. 55, ¶ 23), and on information and belief, knew that prior to plaintiff's time spent at Waverly other staff members had inappropriate emotional and sexual relationships with residents yet failed to implement a means to keep such relationships from occurring (Doc. No. 55, ¶ 24). This is sufficient under Twombly and Iqbal to survive a motion to dismiss. Therefore, the individual defendants' motion to dismiss the negligence claims against them will be **DENIED**.

Accordingly, defendants' motion to dismiss (Doc. No. 62) is **GRANTED IN PART** and **DENIED IN PART**, as detailed above.

**IT IS SO ORDERED.**

Date:  11/02/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge